UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
JAN 30 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 07 CR 730 |
| vs. | ) | Judge Castillo |
| | ) | |
| ROBERTA KRAKOWSKY | ) | |

## PLEA AGREEMENT

1.      This Plea Agreement between the United States Attorney for the Northern District of Illinois, PATRICK J. FITZGERALD, and defendant ROBERTA KRAKOWSKY, and her attorney, CHARLES BRETZ, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure.  The parties to this Agreement have agreed upon the following:

### Charge in This Case

2.      The information in this case charges defendant with theft of government funds, in violation of Title 18 United States Code, Section 641.

3.      Defendant has read the charge against her contained in the information, and that charge has been fully explained to her by her attorney.

4.      Defendant fully understands the nature and elements of the crime with which she has been charged.

## Charge to Which Defendant is Pleading Guilty

5.      By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the information. The information charges the defendant with stealing and knowingly converting to her own use $26,402 in funds administered by the Social Security Administration, in violation of Title 18, United States Code, Section 641.

## Factual Basis

6.      Defendant will plead guilty because she is in fact guilty of the charge contained in the information. In pleading guilty, defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt:

From in or about January 2001, continuing to in or about February 2005, at Lockport, in the Northern District of Illinois, Eastern Division, and elsewhere, Roberta Krakowsky, defendant herein, did steal, purloin, and knowingly convert to her own use money belonging to the United States, namely, money in the amount of $26,402, in funds administered by the Social Security Administration ("SSA") as part of its Supplemental Security Income ("SSI") program, which funds defendant was not entitled to receive, in violation of Title 18, United States Code, Section 641.

Specifically, on or about December 19, 1994, Walter and Roberta Krakowsky, husband and wife, purchased a home at 16661 W. Oneida Dr., Lockport, IL 60441. In or around December 2000, defendant Krakowsky applied for SSI benefits, alleging that she was physically and emotionally disabled.

2

In her application for SSI benefits, defendant Krakowsky falsely reported to the SSA that she lived alone at 16661 W. Oneida Dr., Lockport, IL 60441, which is the home that she and her husband owned together. She falsely claimed that she had been living there alone since 1996.

On May 31, 2001, defendant Krakowsky completed and signed forms in connection with her application for benefits titled "Statement of Claimant or Other Person" and "Review Statement." On these forms, defendant Krakowsky falsely reported to the SSA that on April 15, 2001, approximately four months after completing her application for benefits, she moved from 1661 W. Oneida Dr., Lockport, IL, to a home owned by her son. The defendant falsely reported that she lived alone in a separate residence that was attached to the home. She also falsely reported that she paid her son $400 per month in rent. Defendant Krakowsky repeated these false statements on SSA forms dated April 5, 2002, and December 11, 2003.

Based on these false statements and misrepresentations, the SSA began paying defendant Krakowsky SSI benefits in June 2001, and continued doing so through February 2005.

From in or around June 2001, through in or around February 2005, while defendant Krakowsky received SSI benefit payments, defendant Krakowsky failed to inform the SSA that she lived with her husband at 16661 W. Oneida Dr., Lockport, IL 60441, and that he earned employment income. Defendant Krakowsky knew that she

3

had an obligation to inform the SSA of this living arrangement and the accompanying household income and resources. This information was material to the SSA's determination regarding her entitlement to SSI benefits.

From in or about June 2001, continuing to in or about February 2005, defendant received $26,402.00, in Supplemental Security Income benefit payments. Defendant knew that she was not entitled to these benefits as a result of the fact that she lived with her husband who was earning employment income. Defendant converted these benefit payments to her own use even though she knew she was not entitled to these payments.

### Maximum Statutory Penalties

7.   Defendant understands that the charge to which she is pleading guilty carries the following statutory penalties:

a.   A maximum sentence of 10 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

b.   Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court.

c.   In accord with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which she has pled guilty, in addition to any other penalty or restitution imposed.

### Sentencing Guidelines Calculations

4

8.     Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

9.     For purposes of calculating the Sentencing Guidelines, the parties agree on the following points:

a.     **Applicable Guidelines.**     The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guidelines Manual.

b.     **Offense Level Calculations.**

i.     The base offense level for the charge in the information is six, pursuant to Guideline §2B1.1(a).

ii.     The parties agree that the charged offense resulted in a loss of more than $10,000, but less than $30,000. Therefore, a four-level increase is appropriate pursuant to U.S.S.G. § 2B1.1(b)(1)(C).

iii.     Defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for her criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for her actions within the meaning of

5

Guideline §3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to her ability to satisfy any fine or restitution that may be imposed in this case, a two-level reduction in the offense level is appropriate.

c.    **Criminal History Category.**    With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

d.    **Anticipated Advisory Sentencing Guidelines Range.**  Therefore, based on the facts now known to the government, the anticipated offense level is eight, which, when combined with the anticipated criminal history category of I,  results in an anticipated advisory Sentencing Guidelines range of zero to six months' imprisonment, in addition to any supervised release, fine, and restitution the Court may impose.

e.    Defendant and her attorney and the government acknowledge that the above Guideline calculations are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely.  Defendant understands that further review of the facts or applicable legal principles may lead the government to conclude that different or additional Guideline provisions apply in this case.  Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's

determinations govern the final Guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the probation officer's or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw her plea on the basis of the Court's rejection of these calculations.

      f.     Both parties expressly acknowledge that this plea agreement is not governed by Fed.R.Crim.P. 11(c)(1)(B), and that errors in applying or interpreting any of the Sentencing Guidelines may be corrected by either party prior to sentencing. The parties may correct these errors either by stipulation or by a statement to the Probation Office or the Court, setting forth the disagreement regarding the applicable provisions of the Guidelines. The validity of this Plea Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw her plea, nor the government the right to vacate this Plea Agreement, on the basis of such corrections.

## Agreements Relating to Sentencing

10.    The government is free to recommend whatever sentence it deems appropriate within the applicable guidelines range.

11.    It is understood by the parties that the sentencing judge is neither a party to nor bound by this Plea Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw her guilty plea.

7

12.     Regarding restitution, the parties acknowledge that  the total amount of restitution owed to victim is $26,402, minus any credit for funds repaid prior to sentencing, and that pursuant to Title 18, United States Code, § 3663A, the Court must order defendant to make full restitution in the amount outstanding at the time of sentencing.  Restitution shall be due immediately, and paid pursuant to a schedule to be set by the Court at sentencing.

13.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

## Presentence Investigation Report/Post-Sentence Supervision

14.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall fully apprise the District Court and the Probation Office of the nature, scope and extent of defendant's conduct regarding the charge against her, and related matters.  The government will make known all matters in aggravation and mitigation relevant to the issue of sentencing.

15.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of her financial circumstances, including her recent income tax

8

returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline §3E1.1 and enhancement of her sentence for obstruction of justice under Guideline §3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

16.    For the purpose of monitoring defendant's compliance with her obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Plea Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

**Acknowledgments and Waivers Regarding Plea of Guilty**

**Nature of Plea Agreement**

17.     This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 07 CR 730.

18.     This Plea Agreement concerns criminal liability only.  Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver or release by the United States or any of its agencies of any administrative or judicial civil claim, demand or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

19.     Defendant understands that by pleading guilty she surrenders certain rights, including the following:

a.     **Right to be charged by indictment.**  Defendant understands that she has a right to have the charge prosecuted by an indictment returned by a concurrence of twelve or more members of a grand jury consisting of not less than sixteen and not more than twenty-three members.  By signing this Agreement, defendant knowingly waives her right to be prosecuted by indictment and to assert at trial or on appeal any

10

defects or errors arising from the information, the information process, or the fact that she has been prosecuted by way of information.

        b.    **Trial rights.**  Defendant has the right to persist in a plea of not guilty to the charges against her, and if she does, she would have the right to a public and speedy trial.

        i.    The trial could be either a jury trial or a trial by the judge sitting without a jury. Defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

        ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and her attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

        iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict her unless, after hearing all the evidence, it was persuaded of her guilt beyond a reasonable doubt. The jury would have to agree unanimously before it could return a verdict of guilty or not guilty.

iv.     If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant.  Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in her own behalf.  If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.  A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that she could decline to testify, and no inference of guilt could be drawn from her refusal to testify.  If defendant desired to do so, she could testify in her own behalf.

c.     **Waiver of appellate and collateral rights.**  Defendant further understands she is waiving all appellate issues that might have been available if she had exercised her right to trial.  ~~Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal her conviction and the sentence imposed.~~

12

Acknowledging this, Defendant knowingly waives the right to appeal her conviction, and ~~any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and fine within the maximums provided by law, and including any order of restitution or forfeiture, in exchange for the concessions made by the United States in this Plea Agreement. In addition, defendant also waives her right to challenge her conviction and sentence, and the manner in which the sentence was determined, in any collateral attack or future challenge, including but not limited to a motion brought under Title 28, United States Code, Section 2255.~~ The waiver in this paragraph does not apply to a claim of involuntariness, or ineffective assistance of counsel, which relates directly to this waiver or to its negotiation.

      d.    Defendant understands that by pleading guilty she is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to her, and the consequences of her waiver of those rights.

### Other Terms

     20.    Defendant agrees to cooperate with the United States Attorney's Office in collecting any unpaid fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

     21.    Defendant understands that the government has the right to seek defendant's truthful testimony before a grand jury or a district court.

13

## Conclusion

22.    Defendant understands that this Plea Agreement will be filed with the Court, will become a matter of public record and may be disclosed to any person.

23.    Defendant understands that her compliance with each part of this Plea Agreement extends throughout the period of her sentence, and failure to abide by any term of the Agreement is a violation of the Agreement.  Defendant further understands that in the event she violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

24.    Should the judge refuse to accept defendant's plea of guilty, this Plea Agreement shall become null and void and neither party will be bound thereto.

14

25.    Defendant and her attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Plea Agreement to cause defendant to plead guilty.

26.    Defendant acknowledges that she has read this Plea Agreement and carefully reviewed each provision with her attorney.  Defendant further acknowledges that she understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: _____ 1 / 30 / 08 _____

PATRICK J. FITZGERALD
United States Attorney

ROBERTA KRAKOWSKY
Defendant

YUSEF A. DALE
Special Assistant U.S. Attorney

CHARLES BRETZ  JODY MAINSTROM
Attorney for Defendant

15